<hr/>

HENRY A. BAKER, CONSERVATOR, vs. JOHN W. POTTER AND OTHERS.

The statute (Gen. Statute, p. 346, sec. 1) provides that on the application to the court of probate of the selectmen of a town or of relatives for the appointment of a conservator over a person incapable of managing his affairs, which application shall be served upon such person, the court may appoint a conservator, who, upon giving a probate bond, shall have charge of his person and estate. Held that the disability of the ward does not commence until the conservator has been appointed and has given bond.

[Argued May 30th—decided July 3d, 1883.]

BILL IN EQUITY to set aside certain deeds; brought to the Superior Court. Facts found and petition dismissed by the court (*Park, C. J.*) Motion in error by the petitioner. The case is sufficiently stated in the opinion.

*S. S. Thresher*, for the petitioner.

*G. C. Ripley*, for the respondents.

CARPENTER, J.—This is a petition by the conservator of Rebecca Street to set aside certain deeds made by her. When the deeds were executed she was ninety-three years old. An application had been made to the court of probate for the appointment of a conservator, which had been duly served on all the parties required by law, but the appointment had not been made. The appointment was made soon

after, and the conservator now claims that the deeds were invalid on two grounds:—first, that the grantor was actually incapable of making them; and, second, that she was legally incapable by reason of the pending application for the appointment of a conservator. The first was a question of fact and was found against the petitioner in the court below. The second is a question of law, which was decided against the petitioner, and the record is brought before this court by a motion in error. The petitioner's counsel contend that the appointment took effect by relation as of the day the application was served on Rebecca Street. Whether it did or not is the sole question in the case.

The statute provides that the powers and duties of a conservator commence when he qualifies by giving the required bond. Gen. Statutes, p. 346, sec. 1. Logically the disability of the ward, so far as it depends upon the action of the court of probate, should commence at the same time, especially as no other time is fixed by statute. A judgment, like a statute, should not have a retroactive effect unless expressly required. The fact that the statute does not require it is a sufficient if not conclusive argument against it.

The supposed analogy to the case of overseers appointed by the selectmen does not aid the plaintiff. There the statute expressly incapacitates the alleged spendthrift and prohibits his making a contract without the assent of the selectmen. It does not provide that the appointment shall take effect as of a prior date, but simply makes the selectmen overseers for the time being. But for that provision the previous contract of the spendthrift would be clearly valid, notwithstanding the appointment of an overseer. It is contended however that the reasons for incapacitating a spendthrift prior to the appointment of an overseer, apply with equal force and require the disability of the ward prior to the appointment of a conservator. Manifestly the legislature did not think so, for it has made a wide distinction, and that perhaps is a sufficient answer to the claim.

But if reasons for the distinction are required, they are easily discovered. In the one case the disability is created by the statute; in the other it exists independently of the statute. In the former the spendthrift without the statute is capable of making a contract and might dispose of all his property before an overseer could be appointed. In the latter the ward is incapable of contracting and therefore no such danger is to be apprehended.

The doctrine of *lis pendens* has no application. That doctrine charges third parties under certain circumstances with notice of pending litigation. This is not a question of notice to third parties and the effect of the judgment upon their interests, but is a question of capacity of the principal party concerned. The Superior Court found that she was mentally capable of making a contract when the deeds were executed. The court of probate found that she was physically incapable of managing her affairs and appointed a conservator. A question is made by the defendants, whether that finding justifies the appointment. It is unnecessary to consider that question, for we are clearly of the opinion that the appointment did not affect her prior contracts.

There is no error in the judgment complained of.

In this opinion the other judges concurred; PARK, C. J., having tried the case in the court below and not sitting.